**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLIFFORD LEON MILES,           ) | NO. CV 14-211-MAN |
|                 Plaintiff,     ) | |
|     v.                         ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting      ) | |
| Commissioner of Social Security,) | |
|                 Defendant.     ) | |

On January 14, 2014, plaintiff filed a "Complaint for Review of a Social Security Decision" ("Complaint"). On March 6, 2014, defendant filed a Motion To Dismiss ("Motion") for lack of jurisdiction. On March 14, 2014, the Court issued an Order that directed plaintiff to file an opposition or statement of non-opposition to the Motion by no later than April 11, 2014. On July 14, 2014, the Court ordered plaintiff to show cause why this action should not be dismissed for the reasons set forth in the motion. On July 16, 2014, plaintiff filed a Response To Order To Show Cause ("Response"), stating "[A]fter advising Plaintiff Clifford Leon Miles regarding the pending Motion, Counsel does not have a response to make to the Motion to Dismiss."

**RELEVANT FACTUAL BACKGROUND**

Between 2007 and 2012, plaintiff filed four applications for disability insurance benefits for a disability beginning March 1, 2007. (Motion, Exhibit 1 at 7.)  His first application was denied on December 18, 2007, his second on April 16, 2009, his third on August 22, 2011, and his fourth on May 15, 2012.  (Id.)  On June 30, 2011, after his second application for benefits was denied, Plaintiff's insured status expired.  (Id.)  On June 18, 2012, after plaintiff's fourth application for benefits was denied, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (Id. at 23.)  On April 1, 2013, the ALJ issued a fully favorable decision on plaintiff's fourth application for benefits.  (Id. at 18.)

On May 29, 2013, the Appeals Council notified plaintiff that it planned to review and set aside the ALJ's favorable decision.  (Exhibit 1 at 13-15.)  The Appeals Council stated that the ALJ's decision was barred by administrative res judicata, because: (1) plaintiff's insured status had expired before the final determination of his previous (*i.e.*, third) application for benefits; and (2) plaintiff had failed to present any facts and issues in his fourth application that were not presented in his third previously-denied application.  (Id. at 14.)

In response to the Appeals Council's notice of review, plaintiff filed a brief requesting that the Appeals Council treat plaintiff's fourth application as reopening his third application for benefits. (Exhibit 1 at 11-12.)  Plaintiff argued that this approach would remove any administrative finality owed to the Commissioner's denial of

1  plaintiff's third application for benefits. (Id.) Plaintiff further
2  contended that the Commissioner was permitted to reopen his third
3  application for benefits, because plaintiff had filed his fourth
4  application for benefits less than a year after the denial of his third
5  application. (Id.)

7  On September 13, 2013, the Appeals Council issued its order
8  rejecting plaintiff's contentions and dismissing plaintiff's 2012
9  request for a hearing accordingly. (Exhibit 1 at 7-8.) The Appeals
10 Council explained that because plaintiff's insured status expired before
11 the date of the final determination on plaintiff's third application for
12 benefits, that application could not be reopened "'for any reason.'"
13 (Id. at 8.) The Appeals Council also found that the August 22, 2011
14 denial of plaintiff's third application of benefits was entitled to res
15 judicata, because his fourth application presented no new and material
16 evidence that plaintiff was disabled prior to the date his insured
17 status expired. (Id.) As a result of the Appeals Council's decision to
18 dismiss plaintiff's 2012 request for a hearing, the ALJ's favorable
19 decision on plaintiff's fourth application for benefits has no effect.
20 (Id.)

22 On January 14, 2014, plaintiff filed the instant Complaint.

**DISCUSSION**

26 By the Motion, defendant contends that this action should be
27 dismissed for lack of jurisdiction because plaintiff is challenging an
28 order dismissing his request for a hearing, not a final decision after

a hearing as required by 42 U.S.C. § 405(g). (Motion at 3-4). Plaintiff does not contest defendant's position or allege that the Commissioner's actions were unconstitutional.

Judicial review of social security determinations is governed by 42 U.S.C. § 405(g), which limits the ability of a court to engage in judicial review to a "final decision made after a hearing." Thus, district courts lack jurisdiction to review both the Commissioner's refusals to reopen claims for disability benefits and the Commissioner's determinations that such claims are res judicata. Califano v. Sanders, 430 U.S. 99, 102-04, 107-08, 97 S. Ct. 980, 983, 985-86 (1977); Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985); Davis v. Schweiker, 665 F.2d 934, 935 (C.A. Cal. 1982). Plaintiff, through his attorney, has not identified any error in applying these longstanding principles to this case, and the Court is aware of none. (*See generally* Response.) Accordingly, the Court finds that it lacks jurisdiction to hear this matter.

Therefore, IT IS ORDERED that defendant's Motion is GRANTED and the Complaint is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: August 22, 2014.

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE